U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 27 2016

TONY R. MOORE  CLERK
BY _____
                DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| | |
|---|---|
| HAROLD D. WEBSTER | CIVIL ACTION NO. 1:16-CV-00575 |
| VERSUS | JUDGE DRELL |
| CITY OF FERRIDAY, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

### I.   Background

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, with supplemental state law claims, by Plaintiff Harold D. Webster ("Webster").[1] The named defendants are the Town of Ferriday,[2] the Ferriday Board of Aldermen,[3] Ferriday Mayor Gene Allen ("Allen"), Ferriday Police Chief Derrick Freeman ("Freeman"), and Ferriday Police Officers Chris Goad ("Goad") and John Hawkins ("Hawkins").  Webster seeks monetary damages (including punitive damages), attorney fees, costs, and legal interest.

Webster alleges that Officer Goad and Officer Hawkins used excessive force against him in connection with his arrest and restraint, and badly injured him. Webster alleges the Mayor, the Board of Aldermen, and the Police Chief failed to adequately train and supervise their employees as to the restraint of a person, which was a cause of his injuries. Webster contends he suffered severe trauma to his head

---

[1] This case was removed on April 27, 2016 (Doc. 1).

[2] The Town of Ferriday was improperly named as the "City of Ferriday" (Doc. 6).

[3] The Ferriday Board of Aldermen was improperly named as the Ferriday "City Council" (Doc. 6).

and right eye, and that Defendants refused to provide him immediate and/or adequate medical care.

Defendants filed a motion to dismiss for failure to state a claim on which relief may be granted (Doc. 6). Webster responded (Doc. 9), and Defendants replied (Doc. 10). Goad and Hawkins also answered the complaint (Doc. 7). Defendants' motion to dismiss is now before the Court for disposition.

II. <u>Law and Analysis</u>

A. <u>Standards governing the Motion to Dismiss.</u>

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges Plaintiff's right to relief based upon those facts. See <u>Crowe v. Henry</u>, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See <u>Hirras v. National Railroad Passenger Corp.</u>, 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231 (1994); <u>Doe v. U.S. Dept. of Justice</u>, 753 F.2d 1092, 1102 (D.C. Cir. 1985). For purposes of a motion to dismiss, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. See <u>Doe</u>, 753 F.2d at 1101. It is presumed that general allegations embrace the specific facts that are necessary to support the claim. See <u>National Organization for Women, Inc. v. Scheidler</u>, 510 U.S. 249 (1994) (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555 (1992)).

### B. Webster's action against the Ferriday Police Department should be dismissed.

Defendants contend Webster's complaint against the "Ferriday Police Department" should be dismissed because the Police Department lacks the capacity to be sued.

A political subdivision cannot pursue a suit on its own unless it is "a separate and distinct corporate entity." See Kirby Lumber Corp. v. State of La. through Anacoco-Prairie State Game and Fish Comm'n, 293 F.2d 82, 83 (5th Cir. 1961). The Ferriday Police Department is not a legal entity or person capable of being sued. See Johnson v. Bossier City Police Dept., 2009 WL 2461520, *2 (W.D. La. 2009); Miles v. Slidell Police Dept., 2008 WL 5544523, *2 (E.D. La. 2008); Ruggiero v. Litchfield, 700 F.Supp. 863, 865 (M.D. La. 1988). The State of Louisiana grants no such legal status to any law enforcement office or department. See Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Department, 350 So.2d 236, 239 (La. App. 3d Cir.), writ den., 352 So.2d 235 (La. 1977) (overruled on other grounds).

Since the Ferriday Police Department is not a juridical "person" for purposes of § 1983 or state law liability, Defendants' motion to dismiss (Doc. 6) Webster's action against it should be granted.

### C. Webster stated a municipal liability claim for failure to train police officers.

Defendants also move to dismiss Webster's § 1983 action against the Town of Ferriday and the Ferriday Board of Aldermen, and the official capacity suits against

3

Mayor Allen, Chief Freeman, Officer Goad, and Officer Hawkins.[4] Defendants contend that Webster failed to state a claim against Mayor Allen, Chief Freeman, Officer Goad, and Officer Hawkins in their official capacities, because he failed to state a claim for municipal liability against the Town of Ferriday and its Board of Aldermen.[5]

A suit brought against a defendant in his official capacity is, effectively, a suit against the governmental unit that employs the defendant. See Monell v. Dept. of Social Services, 436 U.S. 658, 690 n. 55 (1978); Brooks v. George County, Ms., 84 F.3d 157, 165 (5th Cir. 1996), cert. den., 519 U.S. 948 (1996); see also See Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989). Therefore, Webster's action against Mayor Allen, Chief Freeman, Officer Goad, and Officer Hawkins in their official capacities is really a suit against the Town of Ferriday.

Defendants argue that a municipality cannot be held vicariously liable for its employees, and that Webster has not identified a municipal policy or custom that is the moving force behind his claims.

In Monell, 436 U.S. at 689, the Supreme Court held that municipalities and other local governmental bodies are "persons" within the meaning of § 1983, and that, since there is no *respondeat superior* liability under § 1983, a municipality may not be held liable solely because it employs a tortfeasor. The Supreme Court has also

---

[4] Defendants did not move to dismiss Webster's state law claims.

[5] The Mayor and the Board of Aldermen are the law-making authority for the Town of Ferriday. See Town of Ferriday v. Smith, 8 So.2d 106 (La. App. 2d Cir. 1942); see also La. R.S. 33:404; La. R.S. 33:406.

held that a plaintiff seeking to impose liability on a municipality under § 1983 is required to identify a municipal "policy" or "custom" that caused the plaintiff's injury. Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. See Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403-404 (1997).

Defendants argue that Webster has failed to allege a factual basis for his claims because he failed to allege a policy or custom that resulted in the use of excessive force. However, Webster appears to state in his complaint that the Town of Ferriday, its Mayor, and its Board of Aldermen have a policy or custom of "[f]ailing to adequately train and supervise their employees [officers] regarding restrain[t] of [a] person" and providing medical care (Doc. 1-3). Webster alleges that failure to train was a cause of the injuries he received during his arrest and restraint (Doc. 1-3). Webster argues in his brief that the municipal liability in this case rests on the failure to supervise and train the employees in arrest and restraint of persons and in providing medical care.

In a cause of action for "failure to train," assessing an individual supervisor's liability under §1983 depends on a showing of (1) a "deliberately indifferent" policy of training that (2) was the "closely related" cause of the violation of the plaintiff's federally protected rights. Doe v. Taylor Independent School Dist., 15 F.3d 443, 453 (5th Cir.), cert. den., 513 U.S. 815 (1994). A plaintiff must prove that a deficiency in

5

the training program is closely related to the ultimate injury. City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989).

Since Webster identified the municipal policy or custom on which he bases his municipal liability claim, Defendants' motion to dismiss Webster's § 1983 action should be denied as to the Town of Ferriday and its Board of Aldermen, and the official capacity claims against Mayor Allen, Chief Freeman, Officer Goad, and Officer Hawkins.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Defendants' motion to dismiss (Doc. 6) be GRANTED as to the Ferriday Police Department, and Webster's action against the Ferriday Police Department be DENIED AND DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that Defendants' motion to dismiss (Doc. 6) be DENIED as to the Town of Ferriday and its Board of Aldermen, and the official capacity claims against Mayor Allen, Chief Freeman, Officer Goad, and Officer Hawkins.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 27th day of September, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge