UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **HAROLD D. WEBSTER, JR.** | **CASE NO. 1:16CV0575** |
| **VERSUS** | **CHIEF JUDGE DRELL** |
| **CITY OF FERRIDAY, ET AL.** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE PEREZ-MONTES**

NOW INTO COURT, come defendants, the Town of Ferriday (incorrectly named as the City of Ferriday) and Ferriday Board of Alderman (incorrectly named as Ferriday City Council) through Mayor Gene Allen, the incorrectly named Ferriday Police Department by and through Chief Derrick Freeman, and Chief Derrick Freeman, Officer Chris Goad, and Officer John G. Hawkins, in their official capacities, who respectfully submit the following objections to the report and recommendations issued by Magistrate Judge Perez-Montes:

Procedural History

Plaintiff's Petition for Damages asserts claims under both federal law (42 U.S.C. §1983), and Louisiana state law (La.C.C. art. 2315). His Petition for Damages first sets forth alleged violations of the United States Constitution and the purported *Monell*[1] claims against defendants concerning same. The defendants moved to dismiss the *Monell* claims and the official capacity claims because the petition failed to state a cause of action under FRCP 12(b)(6). Plaintiff opposed the motion, defendants replied and Magistrate Judge Perez-Montes issued his report and

---

[1] *Monell v. Department of Soc. Servs.,* 436 U.S. 658 (1978).

recommendations recommending dismissal of the claims against the non-entity Ferriday Police Department, but recommending denial of defendants' motion as it relates to the Town of Ferriday, its Board of Alderman and the official capacity claims against Mayor Allen, Chief Freeman, Officer Goad and Officer Hawkins.  Defendants respectfully object to the recommended denial of their motion.

Plaintiff's Petition fails to satisfy *Monell* requirements

A municipality cannot be liable under 42 U.S.C. §1983 on the theory of respondeat superior.[2]  In order to pursue a municipality under 42 U.S.C. §1983, plaintiff must prove violation of a federally protected right caused by action taken "pursuant to an official municipal policy."[3] Consequently, the plaintiff must identify: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom."[4]

In this matter, plaintiff's claims against the Town of Ferriday (and his official capacity claims) are based solely on an alleged failed training policy.  While discussing his theory of liability, plaintiff argued, "it is also well-settled that a failure to train municipal employees can give rise to a violation of 42 U.S.C. §1983 (citations omitted).  This is the theory of liability pled in Plaintiff's complaint."[5]  A municipality's policy of failing to train its police officer can rise to §1983 liability.[6]  For plaintiff to succeed on a failure to train theory, he must demonstrate that (1) the municipality's training policy procedures were inadequate, (2) the municipality was

---

[2] *Monell v. Department of Soc. Servs.,* 436 U.S. 658 (1978).
[3] *Valle v. City of Houston,* 613 F.3d 536, 541 (5th Cir 2010).
[4] *Valle v. City of Houston,* 613 F.3d 536, 541-542, (5th Cir. 2010); citing *Pindea v. City of Houston,* 291 F.3d 325, 328 (5th Cir. 2002); citing *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001).
[5] See Document 9 at page 4.
[6] *Sanders-Burns v. City of Plano,* 594 F.3d 366, 380 (5th Cir. 2010).

deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused the injury.[7] The Supreme Court has reasoned "that a municipality can be liable for failure to train its employees when the municipality's failure shows a 'deliberate indifference to the rights of its inhabitants.'"[8]

However, deliberate indifference is a stringent standard – "a showing of simple or even heightened negligence will not suffice."[9] As described more recently by the Fifth Circuit, "deliberate indifference requires a showing of more than negligence or even gross negligence."[10] The one and only place that the phrase "failure to train and supervise" appears in plaintiff's petition is in regard to state law claims.[11] In fact, that same paragraph alleges the harm was "caused by negligence and/or fault … of the defendants."[12] Even if the court were to expand those state law allegations to the federal claim, plaintiff's claims of a negligent failure to train are insufficient to sustain a claim of municipal liability and by definition, fail to state a cause of action.

In recommending denial of defendants' motion to dismiss, the Report and Recommendations concluded that plaintiff identified the municipal policy or custom on which he bases his municipal liability claim in that plaintiff alleged the defendants "fail[ed] to adequately train and supervise their employees [officer] regarding restraint of [a] person and providing medical care."[13] As discussed above, plaintiff made those allegations in context of a negligence action which will not satisfy the jurisprudential requirements of *Monell* and its progeny.

---

[7] *Sanders-Burns v. City of Plano,* 594 F.3d 366, 381 (5th Cir. 2010); citing *Baker v. Putnal,* 75 F.3d 190, 200 (5th Cir. 1996).
[8] *Sanders-Burns v. City of Plano,* 594 F.3d 366, 381 (5th Cir. 2010); citing *Farmer v. Brennan,* 511 U.S. 825, 840 (1994).
[9] *Piotrowski v. City of Houston,* 237 F.3d 567, 579 (5th Cir. 2001).
[10] *Estate of Davis v. City of North Richland Hills,* 406 F.3d 375, 381 (5th Cir. 2005).
[11] See Petition for Damages at paragraph 10.
[12] Id.
[13] See Document No. 21 at pp. 5, 6.

Moreover, "Fifth Circuit cases have continued to disapprove of complaints that merely recite failure to train, supervise, or discipline as an element of a municipal liability claim."[14] In *Mitchell*, plaintiff alleged that the officer had a long history of prior incidents involving misuse of force and mistreatment of citizens' rights, that the Officer compiled an extensive record of incidents and civilian complaints for abuse of which the Police Chief was aware, that the Police Chief failed to take appropriate steps to intervene or prevent the conduct and that Police Chief approved, ratified and condoned those actions by communicating to the officers of a particular division that they would be protected from discipline if they were charged with misconduct.[15] After considering the recitation of such specific factual allegations, the *Mitchell* court found the allegations sufficient to withstand a motion to dismiss.

In this matter, the petition is void of any such specifics. Plaintiff simply alleges a single, generic incident of failure to train regarding restraint without attempting to allege a pattern of conduct by either officer or alleging the manner in which they were inadequately trained or how the supervision was supposedly lacking. Allegations that simply add the words "policies, practices and/or custom" to the perceived wrongs are insufficient to survive dismissal.[16] Similarly, simply adding "failure to train" is likewise insufficient as it fails to put the municipality on notice of the grounds for which it is being sued.

---

[14] *Mitchell v. City of New Orleans,* ___ F. Supp. 3d ___, (E.D. La. May 2, 2016), 2016 WL 1733627, citing *Whitley v. Hana,* 726 F.3d 631, 649 (5th Cir. 2013).
[15] *Id,* at p. 8.
[16] *Whitey,* 726 F.3d at 649.

Dismissal of Duplicative Claims

Finally, in the alternative, should the Court find that the claims against the Town of Ferriday survive this Motion to Dismiss, the official capacity claims against Officers Goad and Hawkins, the Board of Aldermen, Mayor Allen and Chief Freeman should be dismissed as they are duplicative of plaintiff's claims against the Town of Ferriday.  While the defendants did not specifically address this argument in their original motion, judicial efficiency suggests that it is appropriate here.  "It is well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability."[17]  When the governmental entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant and subject to dismissal.[18]  Here plaintiff has made official capacity claims against Officers Goad and Hawkins accusing them of excessive force and claims against the Board of Aldermen (incorrectly named Ferriday City Council), Mayor Allen and Chief Freeman as the governing authority.  These official capacity claims are nothing more than restated claims against the Town of Ferriday which is already a defendant in this matter.  Because a suit against a municipal official in his official capacity is no different from a suit against the municipality itself[19], those claims should be dismissed as duplicative.

---

[17] *Marceaux v. Lafayette City-Parish Consol. Gov't.,* 921 F.Supp.2d 605, 623 (W.D. La. 2013); citing *Monell v New York City Department of Social Services*, 436 U.S. 658 (1978).
[18] *Marceaux v. Lafayette City-Parish Consol. Gov't.,* 921 F.Supp.2d 605, 623 (W.D. La. 2013); citing *Castro Romero v. Becken,* 256 F.3d 349, 355 (5th Cir. 2001).
[19] See footnote 17.

## CONCLUSION

For these reasons, defendants respectfully object to the findings of fact and conclusions set forth in the Report and Recommendations and pray that their Motion to Dismiss be granted.

        Respectfully submitted,

        /s/ Gregory A. Grefer
        **GREGORY A. GREFER, #22067 (T.A.)**
        **MATTHEW A. EHRLICHER, #22352**
        Maricle & Associates
        #1 Sanctuary Blvd., Suite 202
        Mandeville, LA 70471
        Telephone: (985) 727-5021
        Facsimile: (888) 341-6954
        *Attorneys for Defendants, Town of Ferriday (incorrectly named as City of Ferriday), Ferriday Board of Alderman (incorrectly named as Ferriday City Council) through Mayor Gene Allen, the incorrectly named Ferriday Police Department by and through Chief Derrick Freeman, Officer Chris Goad, and Officer John G. Hawkins*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 10th day of October, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Carol D. Powell Lexing:    legaldove2@yahoo.com

        /s/ Gregory A. Grefer
        **GREGORY A. GREFER**