UNITED STATES DISTRICT COURT                                           b

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| HAROLD D. WEBSTER, JR. | CIVIL ACTION NO. 1:16-CV-00575 |
|---|---|
| VERSUS | JUDGE WALTER |
| CITY OF FERRIDAY, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Harold D. Webster, Jr. (Docs. 1, 31). The remaining Defendants are Derrick Freeman ("Freeman") (Chief of Police for the Town of Ferriday), John G. Hawkins ("Hawkins") (a police officer employed by the Town of Ferriday), Chris Goad ("Goad") (a police officer employed by the Town of Ferriday), the Town of Ferriday, and Charter Oak Fire Insurance Company (liability insurer for the Town of Ferriday).

In his proposed amending complaint (Doc. 37), Webster alleges he was stopped by the police for driving recklessly. Webster admits he did not pull over until he arrived at his sister's residence. When he finally stopped, he got out of his vehicle and waited, but did not comply with the order to get down on the ground. Webster was handcuffed and assisted to the ground by Officer Goad. Goad claims Webster bit Goad's hand. Webster contends Officer Goad "responded" with "two brachial blows" to Webster's neck, causing injury. Webster further contends that Officer Goad and Officer Hawkins delayed taking him to the hospital.

Webster is suing the officers for use of excessive force and delay in medical care. Webster is suing the City for failure to train the officers in the appropriate use of force to be employed during an arrest, and for failure to discipline the officers for their use of excessive force (Doc. 37). Webster also alleges state law claims for excessive force, denial of medical care, assault, battery, and negligence.

Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P rule 12(b)(6) (Doc. 6) and answered the complaint (Doc. 7). The District Judge granted Defendants' motion to dismiss in part, ordered Webster to amend his complaint, and reserved Defendants' right to re-urge their motion to dismiss (Doc. 30).

Webster amended his complaint (Doc. 31) and Defendants filed a second motion to dismiss (Doc. 33). In response, Webster filed a Motion to Amend/Correct Complaint (Doc. 37). The parties then filed a Joint Motion to Stay (Doc. 42).

In their Joint Motion to Stay, the parties contend this § 1983 lawsuit arises from the arrest of Webster by Officers Goad and Hawkins in Ferriday, Louisiana. The parties contend that, pursuant to that arrest, Webster was charged with multiple felonies, some of which are still unresolved. Although the parties did not specify the charges against Webster, Defendants stated in their first motion to dismiss (Doc. 6-1) that Webster was charged with flight from police officers, resisting arrest, and battery on police officers. The parties contend that Webster's charges are directly related to the incident that forms the basis of this lawsuit.

The parties further contend in their motion that the Defendants recently tried to depose Webster for this lawsuit. But, on advice of counsel, Webster claimed his

Fifth Amendment right against self-incrimination, and the deposition did not go forward.

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. Landis v. North American Co., 299 U.S. 248, 254 (1936). A district court has the inherent power to regulate the flow of cases and "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Fed. C. Civ. P. rule 41; Landis, 299 U.S. at 254. Pursuant to the United State Supreme Court's decision in Heck v. Humphrey, a district court may stay a § 1983 action until a related criminal case, or the likelihood of a related criminal case, is ended. Wallace v. Kato, 549 U.S. 384, 393-394 (2007) (citing Heck v. Humphrey, 512 U.S. 477 (1994)). The Heck analysis applies to bar civil rights suits that call into question the validity of pending criminal charges, as well as convictions. See Wallace v. Kato, 549 U.S. at 393-94 (citing Heck, 512 U.S. at 487-88, n.8); Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995).[1]

In Mackey v. Dickson, the plaintiff filed a pro se complaint that appeared to attack the constitutionality of his arrests. The Fifth Circuit explained that the court could not determine whether the alleged illegality of Mackey's arrests would be

---

[1] Where parallel civil and criminal cases are brought against the same defendant, courts engage in an analysis of six factors to determine whether to exercise discretionary authority to stay the civil proceeding. See Bucy v. Stroman, 2016 WL 4492195, *3 (W.D. Tex. 2016); see also Villani v. Devol, 2016 WL 1383498, *3 (M.D. La. 2016).

However, when a plaintiff files a civil complaint against a defendant, and the defendant files criminal charges against the plaintiff, Heck controls whether a stay or dismissal of the civil case is warranted. See Bucy, 2016 WL 4492195, *3, and related cases.

implicated by a conviction or by the evidence presented in the criminal proceedings until the pending criminal case was concluded. Mackey, 47 F.3d at 746. The court held that, where it is premature to determine whether or not a plaintiff's § 1983 claim is barred by Heck, the better course is to stay proceedings in the § 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two. See Mackey, 47 F.3d at 746; see also Adame v. Stroman, 2016 WL 5390913 (W.D. Tex. 2016), and five related cases[2] (court stayed the plaintiffs' § 1983 actions for false arrest pending the outcomes of their criminal charges); McNeill v. Dailey, 2012 WL 5060866, *1 (E.D. La. 2012) (court stayed plaintiff's § 1983 excessive force suit pending resolution of the parallel state criminal proceedings for aggravated flight from an officer, possession of drug paraphernalia, and possession of a controlled dangerous substance, since it could not determine the relation between them); Knowlton v. Office of District Attorney, 2009 WL 4718905 (W.D. La. 2009) (court stayed plaintiff's § 1983 action because it implicated the validity of his pending criminal charges); Guillory v. Wheeler, 303 F. Supp. 2d 808, 811 (M.D. La. 2004) (court stayed plaintiff's § 1983 suit for false arrest and excessive force pending resolution of his charge for simple battery of a police officer).

In this case, Webster contends the excessive force occurred during the same incident in which he allegedly committed battery on an officer. The specific charges

---

[2] Vensel v. Stroman, 2016 WL 5390928 (W.D. Tex. 2016); Clendennen v. Stroman, 2016 WL 5393761 (W.D. Tex. 2016); Obledo v. Stroman, 2016 WL 5394765 (W.D. Tex. 2016); Salinas v. Stroman, 2016 WL 5395912 (W.D. Tex. 2016); Bucy, 2016 WL 4492195.

4

against Webster are not included in the parties' motion. Without more information, it is impossible to engage in the "fact-intensive" analysis required by the Fifth Circuit to determine if Webster's excessive force claims are barred by Heck. Moreover, according to the parties' motion (Doc. 42), discovery in the § 1983 case may violate Webster's right against self-incrimination in his criminal case. Therefore, a stay of Webster's § 1983 case is appropriate until his criminal charges have concluded. Accordingly,

IT IS ORDERED that the parties' Joint Motion to Stay (Doc. 42) is GRANTED.

IT IS FURTHER ORDERED that the parties are to notify the Court, in writing, within **30 days** of the disposition of each of the criminal charges pending against Webster that arise from the incident that is the subject of this § 1983 suit.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this 25th day of April, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge